UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DWAYNE FRANCIS,

      Plaintiff,

-v-

THE CITY OF NEW YORK; PPC COMMERCIAL, LLC, PARKCHESTER PRESERVATION MANAGEMENT, LLC, PARKCHESTER SOUTH CONDOMINIUM, INC., New York City Police Department Officer ("P.O.") JOHN DOE 1, P.O. JOHN DOE 2, Sergeant MUHAMMAD PAUL, Peace Officer MICHAEL BUSHROD (Shield No. 239), Peace Officer ANGEL FIGEROA (Shield No. 2978), RICHARD ROE 1-2, in their individual capacities,

      Defendants.

**AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 15-CV-7997 (VSB) (AJP)

---

Plaintiff Dwayne Francis, by his attorneys Gillian Cassell-Stiga and David B. Rankin of Rankin & Taylor, PLLC, for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the laws of the State of New York.

2. Plaintiff Dwayne Francis's rights were violated when officers of the New York City Police Department ("NYPD") and Parkchester Department of Public Safety unconstitutionally detained, assaulted, and arrested plaintiff despite the absence of probable cause in manner constituting a gross abuse of authority. By reason of defendants' actions, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. As authorized by Order of the New York State Supreme Court, New York County, dated July 6, 2015, and with the requirements of New York General Municipal Law § 50-e, Mr. Francis filed a timely Notice of Claim with the New York City Comptroller on or about July 8, 2015, and March 24, 2015. Thus, this Court has supplemental jurisdiction over Mr. Francis's claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Mr. Francis's claims have not been adjusted by the New York City Comptroller's Office.

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

9. Plaintiff Dwayne Francis is, and was at all times relevant to this action, a resident of the County of the Bronx in the State of New York.

10. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force

and police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. New York City Police Department ("NYPD") Sergeant Muhammad Paul ("Paul"), and Officer ("P.O.") John Doe 1, and P.O. John Doe 1, are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. Upon information and belief, the Parkchester Department of Public Safety a/k/a Parkchester Public Safety & Security Department ("PDPS") is an organization of Public Safety Officers licensed as New York City Special Patrol Officers and authorized as New York State Peace Officers who are employed to maintain the safety and security of Parkchester condominium residents and visitors. Upon information and belief the PDPS operates out of the address at 2000 East Tremont Avenue, Bronx, NY 10462 where it maintains headquarters.

13. Upon information and belief, PPC Commercial, LLC ("PPC") is a foreign limited liability company, licensed to do business in the State of New York, and owning and operating property in the private residential community of Parkchester, in the County of the Bronx, including the parcel located at 64 Metropolitan Oval, in addition to surrounding properties. PPC manages, supervises, and controls the PDPS and its officers for the provision of security services for its private residential community and buildings in coordination with the New York City Police Department.

14. Upon information and belief, Parkchester South Condominium, Inc. ("PSC") is an unincorporated condominium association formed pursuant to the laws of the State of New York with its principal place of business at 2000 East Tremont Avenue, Bronx, NY 10462. PPC manages, supervises, and controls the PDPS and its officers in coordination with the New York City Police Department.

15. Parkchester Preservation Management, LLC ("PPM") is a limited liability corporation with its principal place of business at 2000 East Tremont Avenue, Bronx, NY 10462. Upon information and belief PPM is the managing agent operating and controlling the group of condominiums and building, including those owned by PPC or organized as PSC, and with PPC and PSC employs, manages, supervises, and controls the PDPS with in coordination with, and with formal authority and agency provided by the New York City Police Department.

16. Upon information and belief, the entities PPC, PSC, PPM, and PDPS are collectively referred to as "Parkchester" (hereinafter "Parkchester Defendants").

17. Peace Officer Angel Figeroa (Shield No. 2978) ("Figeroa"), Peace Officer Michael Bushrod (Shield No. 239) ("Bushrod"), and Richard Roe 1-2, are special patrolmen licensed by the City of New York, and were at all times relevant herein, officers, employees and agents of the Parkchester Defendants, and agents of the City of New York.

18. NYPD Sergeant Paul, P.O. John Doe 1- 2, Peace Officer Angel Figeroa, Peace Officer. Michael Bushrod, and Richard Roe 1-2 are hereinafter referred to collectively as the "individual defendants."

19. The individual defendants are being sued in their individual capacities.

20. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD and PDPS, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD and PDPS at all times relevant herein, with the power and authority

4

vested in them as officers, agents and employees of the NYPD and PDPS and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD and PDPS.

21. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

22. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

23. The true names and shield numbers of defendants P.O. John Doe 1 and P.O. John Doe 2 are not currently known to the plaintiffs.[1] However, they are employees or agents of the NYPD. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiffs intend to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

24. At approximately 8:15 a.m. on October 30, 2014, Mr. Francis was unlawfully arrested by Peace Officer Figeroa at 64 Metropolitan Oval in Bronx County in the State of New York.

25. Mr. Francis was standing outside a convenience store when he was approached by plain clothed Peace Officer Figeroa, Richard Roe 1, and Richard Roe 2.

26. Peace Officer Figeroa swung at Mr. Francis.

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiffs are making no representations as to the gender of said defendants.

5

27. Peace Officer Figeroa, Richard Roe 1, and Richard Roe 2 also chased Mr. Francis around the sidewalk and into the street.

28. Mr. Francis was then falsely arrested by P.O. John Doe 1 and .O. John Doe 2 without cause.

29. As a result of his arrest, Mr. Francis spent less than 24 hours in Defendants' custody.

30. Mr. Francis was charged with Assault in the Third Degree, P.L. § 120.00(1), Menacing, P.L. § 120.15, Menacing in the Second Degree, P.L. § 120.14 (1), and Harassment in the Second Degree, P.L. § 240.26 (1).

31. These charges were based upon the false statements of Peace Officer Figeroa, alleging Mr. Francis struck Figeroa.

32. Peace Officer Figeroa falsely brought this charges to cover up the assault and false arrest of Mr. Francis.

33. P.O. John Doe 1 and P.O. John Doe 2, Sergeant Muhammad Paul, and Richard Roe 1-2 knew the statements were false and failed to intervene or prevent the arrest and prosecution of Mr. Francis.

34. At no point did Mr. Francis threaten to shoot Peace Officer Figeroa, nor did he commit any other unlawful act.

35. Mr. Francis was forced to appear in court on four occasions.

36. The charges against Mr. Francis were dismissed by motion of the District Attorney on March 9, 2015.

### FIRST CLAIM
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
(Against the individual defendants)

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. By their conduct and actions in falsely arresting plaintiff, fabricating evidence, using excessive force, failing to intercede to prevent the complained of conduct, and by conspiring among defendants to commit the complained of conduct, the individual defendants, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

39. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

**SECOND CLAIM**
**SUPERVISORIAL LIABILITY**
**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983**
**(Against all defendants)**

40. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen supervise, or discipline their subordinates, supervisory individuals / officers P.O. John Does 1-2, and other Richard Roes 1-2 who exercised supervisory responsibilities, caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

42. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM FOR RELIEF
## LIABILITY FOR CONSTITUTIONAL VIOLATIONS
(Against the City of New York and Parkchester Defendants)

43. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

44. At all times material to this complaint, defendant City, acting through its police department, and through the individual defendants, had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, defendant City, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.

46. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

47. The misconduct detailed above was also the result of an institutional police, practice, and/or custom of defendant City whereby NYPD officers responding to scenes such as that described above are discouraged from making further inquiry or investigation prior to arresting a subject other than receiving information from the PDPS, which is given undue deference.

48. Further, the misconduct detailed above was also the result of institutional polices, practice, and/or customs of defendants City and the Corporate Defendants to purposefully overlook and/or actively abet the unconstitutional conduct of PDPS in the community of Parkchester in the County of the Bronx in the State of New York.

49. Defendant City authorized and tolerated as institutionalized practices, and ratified the misconduct detailed above, by failing to take adequate precautions in the supervision and/or training of police personnel, including defendant police officers P.O. John Doe 1, P.O. John Doe 2, Sergeant Muhammad Paul, Peace Officer Bushrod, and Peace Officer Figeroa, and Richard Roes 1-2.

50. Defendant City's policies and customers and failure to supervise and/or train its employees, including individual defendants, rose to the level of deliberate indifference to the consequences of its actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiff's Fourth and Fourteenth Amendment rights.

51. At all times material to this complaint, Parkchester Defendants, acting through their employees and agents, and through the individual defendants had de facto policies, practices, customs and usages, including acting in conspiracy and conjunction with employees and agents of defendant City concerning the aforementioned unconstitutional policies, practices, customs, a usages, which were a direct and proximate cause of the unconstitutional conduct alleged herein.

52. At all times material to this complaint, Parkchester Defendants, acting through their employees and agents (including their officers, mangers and security personnel), and through the individual defendants, had de facto policies, practices, customs, and usages of failing to

9

properly train, screen, supervise, or discipline its employees and agents, and of failing to inform the individual defendants' supervisors, of their need to train, screen, supervise, or discipline said employees and agents. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

53. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM FOR RELIEF
## FALSE ARREST AND FALSE IMPRISONMENT
## UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

54. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

55. By the actions described above, individual defendants caused to be falsely arrested or falsely arrested Plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers and Peace Officers, and/or while they were acting as agents and employees of defendant City and Parkchester Defendants, clothed with and/or invoking state power and/or authority, and, as a result, defendant City and Parkchester Defendants are liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

57. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

### FIFTH CLAIM FOR RELIEF
### ASSAULT AND BATTERY
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

58. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. By the actions described above (namely, forwarding false information to other police officers, resulting in the custodial arrest of plaintiff), the individual defendants did inflict assault and battery upon plaintiff. The acts and conduct of individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers and Peace Officers, and/or while they were acting as agents and employees of defendant City and Parkchester Defendants, clothed with and/or invoking state power and/or authority, and, as a result, defendant City and Parkchester Defendants are liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

61. As a result of the foregoing, Plaintiff suffered emotional distress, humiliation, and was otherwise damaged and injured.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION
## UNDER THE LAWS OF THE STATE OF NEW YORK
### *(Against all defendants)*

62. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63. By the actions described above (including but not limited to Peace Officer Figeroa, Richard Roes 1-2, and P.O. John Doe 1- 2, forwarding false information to police officers and officials of the District Attorney's Office), the individual defendants caused a criminal proceeding to be initiated against Plaintiff, even though there was no probable cause for an arrest or prosecution in this matter. The individual defendants maliciously caused this prosecution to be initiated in that they knew there was no probable cause for such prosecution and that they further wished to harm and punish Plaintiff for illegitimate reasons and to cover for the individual defendants' misdeeds. The criminal case against Plaintiff was terminated in his favor in that all charges were dismissed.

64. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers and Peace Officers, and/or while they were acting as agents and employees of defendant City and Parkchester Defendants, clothed with and/or invoking state power and/or authority, and, as a result, defendant City and Parkchester Defendants are liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

65. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

### SEVENTH CLAIM FOR RELIEF
### ABUSE OF PROCESS
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

66. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

67. By the conduct and actions described above, the individual defendants caused regularly issued process to be issued against Plaintiff compelling the performance or forbearance of prescribed acts, including but not limited to causing criminal process to issue. The purpose of activating the process was intent to harm Plaintiff without economic or social excuse or justification, and the individual defendants were seeking a collateral advantage or corresponding detriment to Plaintiff, including but not limited to covering for their own misdeeds by causing Plaintiff to be charged with crimes, a goal which was outside the legitimate ends of the process. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers and Peace Officers, and/or while they were acting as agents and employees of defendant City and Parkchester Defendants, clothed with and/or invoking state power and/or authority, and, as a result, defendant City and Parkchester Defendants are liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

69. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENCE
## UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

70. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. Defendants jointly and severally, negligently caused injury, pain and suffering, emotional distress, and damage to Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. Defendant City negligently licensed and trained the individual defendants as peace officers or special patrolmen.

73. Defendant City and Parkchester Defendants negligently hired, screened, retained, supervised, and trained the individuals defendants.

74. The acts and conduct of defendants the City and Parkchester Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

## NINTH CLAIM FOR RELIEF
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

76. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

77. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotion distress to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## JURY DEMAND

79. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

    a.    That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b.    That he be awarded punitive damages against the individual defendants; and

    c.    That he be compensated for attorneys' fees and the costs and disbursements of this action; and

    d.    For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
             February 23, 2016

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
David B. Rankin
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507

e: Gillian@DRMTLaw.com

Case 1:15-cv-07997-VSB   Document 17   Filed 02/25/16   Page 16 of 16