UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
DWAYNE FRANCIS, :
:
                      Plaintiff, :
:
         - against - : 15-cv-7997 (VSB) (SLC)
:
THE CITY OF NEW YORK, et al., : **ORDER**
:
                    Defendants. :
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/2020

<u>VERNON S. BRODERICK</u>, United States District Judge:

       On October 9, 2015, Plaintiff Dwayne Francis commenced this action against Defendants Parkchester DPS LLC, Parkchester North Condominium, Parkchester Preservation Management, LLC, Parkchester South Condominium, Inc. (the "Parkchester Defendants"); the City of New York; and Leoncio Pimintell, Edward Leon, Michael Bushrod, Patrice London, Angel Figueroa, and Carlos Capella (the "Individual Defendants"), asserting claims under 42 U.S.C. § 1983 and various state common law claims.  Defendants Figueroa and Capella (together, the "Defaulting Defendants") failed to appear, and on December 28, 2017, after they had failed to appear at two order to show cause hearings, I entered a default judgment against them.  (Doc. 200.)  This litigation continued against the other Defendants.  Plaintiff ultimately settled with those Defendants and submitted a stipulation and order of dismissal as to them.  (Doc. 247.)  On September 20, 2018, I referred this case to Magistrate Judge Katharine H. Parker for an inquest as to damages with respect to Defendants Figueroa and Capella.  (Doc. 240.)

       Plaintiff filed his motion for damages against the Defaulting Defendants on July 16, 2019.  (Doc. 252.)  On November 6, 2019, Magistrate Judge Parker held a hearing on the motion, at which Defendants defaulted.  On November 12, 2019, Magistrate Judge Parker issued a

Report and Recommendation (the "Report and Recommendation" or "Report"), recommending that I award Plaintiff the following damages: $27,000 for his loss of liberty and $10,000 for emotional distress and other compensatory damages with respect to his claim of false arrest; $2 in compensatory damages for his claim of malicious prosecution; $1,000 in compensatory damages for his claim of assault; $40,000 in punitive damages in connection with his claims of false arrest and malicious prosecution; and $5,000 in punitive damages in connection with his claim of assault. (Doc. 263.) Magistrate Judge Parker further recommended that Defendants be jointly and severally liable for these damages. (*Id.* at 27.) No party filed an objection to the Report.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *Santana v. Comm'r of Soc. Sec.*, No. 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, although the Report and Recommendation explicitly provided that "[t]he parties

shall have 14 days (including weekends and holidays) from service of this Report and Recommendation to file written objections," (Doc. 24, at 22), no party filed an objection. I therefore reviewed Magistrate Judge Parker's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, found none. Accordingly, it is hereby:

    ORDERED that Magistrate Judge Parker's Report and Recommendation is adopted in its entirety and Plaintiff's motion for damages is GRANTED. Plaintiff is awarded $27,000 for his loss of liberty and $10,000 for emotional distress and other compensatory damages with respect to his claim of false arrest; $2 in compensatory damages for his claim of malicious prosecution; $1,000 in compensatory damages for his claim of assault; $40,000 in punitive damages in connection with his claims of false arrest and malicious prosecution; and $5,000 in punitive damages in connection with his claim of assault. Defendants Figueroa and Capella shall be jointly and severally liable for these damages, which total $83,002.

    The Clerk's Office is respectfully directed to terminate the motion at Document 252, to enter judgment for the Plaintiff in accordance with this Order, and to close the case. The Clerk is further directed to mail a copy of this Order to the pro se plaintiff.

SO ORDERED.

Dated: May 29, 2020
    New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge